IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-466-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| KYLE ANTHONY CLARK, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to reduce sentence or for home confinement (DE 46). Although the filing is not a model of clarity, defendant appears to request assistance from the court regarding obtaining sentencing credit for completing the Federal Bureau of Prisons' ("FBOP") Residential Drug Abuse Program ("RDAP"). Defendant alleges that he will not receive sentencing credit for his participation in the program due to a recordkeeping error by the FBOP.

The court is without jurisdiction to rule on defendant's motion for RDAP sentencing credit. Because defendant challenges the FBOP's administrative decision to deny RDAP sentencing credit, defendant must first seek relief through the FBOP's administrative remedy program, and, if dissatisfied with the result, bring the claim in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See In re Vial, 115 F.3d 1192, 1994 n.4 (4th Cir. 1997) (en banc) (stating § 2241 petition is the appropriate vehicle for challenging execution of a sentence); Timms v. Johns, 627 F.3d 525, 530 (4th Cir. 2010) (discussing requirement that petitioner exhaust alternative remedies before seeking habeas relief under § 2241). The appropriate venue for a § 2241 petition is defendant's district of confinement, which in this case is the Eastern District of Virginia. See 28

U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004) (explaining habeas petition under § 2241 should be filed in the "district of confinement").[1]

To the extent defendant is requesting "assistance" with his application for home confinement, the court also lacks authority to grant relief. The FBOP has exclusive authority to determine defendant's place of imprisonment, including home confinement, and the FBOP's placement decisions are "not reviewable by any court." See 18 U.S.C. § 3621(b); see also 18 U.S.C. § 3624(c) (providing the FBOP with discretionary authority to place certain prisoners in home confinement but noting "nothing in [§ 3624(c)] shall be construed to limit or restrict the authority of the [FBOP Director] under section 3621"). As a result, the court is without jurisdiction to order the FBOP to place defendant on home confinement or in a halfway house. See United States v. Caudle, 740 F. App'x 364, 365 (4th Cir. 2018). The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") also does not provide a mechanism for defendant to seek home confinement in the sentencing court. CARES Act of 2020, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (providing authority to the FBOP director to lengthen the maximum amount of time for which a federal prisoner may be transferred to home confinement). Finally, the court declines to make a judicial recommendation for home confinement or halfway house placement where the FBOP is better positioned to determine whether defendant's history and characteristics, including any post-sentencing conduct, justify such placements.

Based on the foregoing, defendant's motion for sentence reduction or home confinement (DE 46) is DISMISSED WITHOUT PREJUDICE.

---

[1] The court expresses no opinion on the substantive merit of defendant's claim.

SO ORDERED, this the 15th day of December, 2020.

                                                  LOUISE W. FLANAGAN
                                                  United States District Judge